UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL AZEEM MOHAMMED, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:22-cv-03489 |
| v. ) | |
| ) | |
| JOSEPH ROBINETTTE BIDEN JR, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff, a resident of Naperville, Illinois, filed this *pro se* lawsuit against the President of the United States, the Attorney General of the United States and the Assistant Attorney General for Civil Rights, both United States Senators from Illinois, and the Director of the Administrative Office of the United States Courts ("AO").

The crux of Plaintiff's allegations is that the Defendants have all failed to investigate, or take action to remove from the federal judiciary, twenty-four judges of the U.S. District Court for the Northern District of Illinois ("Northern District") and the Seventh Circuit Court of Appeals. These judges include the Northern District judge who dismissed Plaintiff's lawsuit alleging violations of the Fair Credit Reporting Act; the members of the Executive Committee of the Northern District who sanctioned Plaintiff for abusive litigation practices; and every judge of the Seventh Circuit who joined orders affirming the original dismissal and imposition of sanctions, or the imposition of additional sanctions for abuses in the Court of Appeals. Plaintiff seeks damages of $1,000,000 on each of the complaint's twelve counts against the Department of Justice officials, Senators, and AO Director, as well as an order directing the President to initiate removal proceedings against all the subject judges. He also seeks an order finding that the

judges "committed fraud upon the court, treason, judicial trespass, and violation of oath of office." Compl. 15.

Plaintiff arrives in this Court with a documented history of vexatious litigation. From February 2016 to June 2020, Plaintiff filed at least fourteen cases in the Northern District of Illinois. See Exec. Comm. Order at 1, Mohammed v. Comcast, 22-cv-4679, ECF No. 24 (N.D. Ill. Nov. 7, 2022) (summarizing Plaintiff's litigation history). Due to Plaintiff's "pattern of filing duplicative and frivolous cases" and his failure to pay his court fees, Plaintiff has been repeatedly sanctioned by the Northern District and the Seventh Circuit. Id. at 2; see, e.g., Mohammed v. Anderson, 833 F. App'x. 651, 655 (7th Cir. 2020); In re Mohammed, 834 F. App'x 240, 241 (7th Cir. 2021); In re Mohammed, No. 20-c-3479 at 2, ECF No. 82 (7th Cir. Oct. 26, 2021); Mohammed v. Prairie State Legal Servs., Inc., No. 20-2419, ECF No. 88 (7th Cir. Dec. 9, 2021). In June and August 2020, the Executive Committee of the Northern District issued orders restricting Plaintiff's ability to file new cases, which were upheld by the Seventh Circuit. In re Mohammed, 834 F. App'x at 241. In December 2021, the Seventh Circuit directly sanctioned Plaintiff for filing frivolous appeals, instructing that "the clerks of all federal courts in this circuit are directed to return unfiled any papers submitted either directly or indirectly by him or on his behalf." Mohammed, No. 20-2419, ECF No. 88 (7th Cir. Dec. 9, 2021). To work around these restrictions, Plaintiff began filing suit in state court so that his cases would be removed to federal court "as a way of bypassing the current filing restrictions." See Exec. Comm. Order at 1–2, Mohammed, 22-cv-4679, ECF No. 24. In response, the Executive Committee of the Northern District ordered that any of Plaintiff's cases removed to the district court be dismissed. Id.

Plaintiff apparently seeks to sidestep the pre-filing injunction in the Northern District by suing only Washington, D.C.-based officials and filing the present complaint in this Court. To

no avail. Plaintiff's complaint suffers from a host of fatal infirmities. The Court need highlight but a few.

First, the principle of separation of powers prevents this Court from ordering the President to refer a judge for removal—a power the President almost certainly does not have—or ordering Members of Congress to initiate impeachment proceedings. See, e.g., Nixon v. United States, 506 U.S. 224, 234–35 (1993) (holding that "impeachment was designed to be the *only* check on the Judicial Branch by the Legislature" and thus, "the Judiciary, and the Supreme Court in particular, were not chosen to have any role in impeachments." (emphasis in original)); INS v. Chadha, 462 U.S. 919, 951 (1983) ("The Constitution sought to . . . assure, as nearly as possible, that each Branch of government would confine itself to its assigned responsibility.").

Second, Members of Congress enjoy official immunity for actions taken in their legislative capacities. Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982). Their role in exercising Congress' power to impeach federal judges certainly falls within the scope of that immunity. The Court therefore lacks jurisdiction over the two Illinois Senators named as defendants.

Third, federal judges too enjoy immunity for their judicial rulings. Harlow, 457 U.S. at 807. Moreover, finding in Plaintiff's favor and granting him the relief he seeks would necessarily require the Court to invalidate rulings issued by fellow district court judges (as well as higher-level circuit judges), which it cannot do. See 28 U.S.C. § 1291 ("The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States[.]").

Fourth, Plaintiff complains that the Attorney General and Assistant Attorney General for Civil Rights have failed to investigate illegal conduct on the part of the subject judges. Yet this

Court has no authority to review the Justice Department's exercise of its broad discretion to investigate or prosecute individual cases. See Heckler v. Chaney, 470 U.S. 821, 831 (1985).

Finally, Plaintiff's alleged injuries all stem from the dismissal of his lawsuit and imposition of sanctions in the Northern District of Illinois. He does not explain how those injuries are traceable to the Defendants' failure to remove or discipline the subject judges. Nor does he allege any new harm caused by the Defendants. Plaintiff therefore lacks standing. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992).

For all these reasons, and more, the Court will dismiss Plaintiff's complaint, and the case, with prejudice. Plaintiff is admonished that any further attempt to circumvent the pre-filing injunction imposed in the Seventh Circuit by filing substantially similar claims here may lead to the imposition of additional sanctions by this Court.

A separate Order will follow.

CHRISTOPHER R. COOPER
United States District Judge

Date:   January 13, 2023